# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TYRONE WILLIAMS, also known as
PAUL GOLDEN,**

**Prisoner Number 223267,**

      **Petitioner,**

 v.

                  **Case No. 10-C-761**

**MICHAEL THURMER,
Warden of Waupun Correctional Institution,**

      **Respondent.**

## DECISION AND ORDER

    On September 2, 2010, the pro se Petitioner, Tyrone Williams ("Williams"), also know as Paul Golden, who is currently confined in the Waupun Correctional Institution ("WCI"), filed a petition and affidavit for leave to proceed *in forma pauperis* on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After some delay in Williams's receipt of the Court's order, Williams has paid the fee for filling this action as initially directed by the Court's order denying his request to proceed *in forma pauperis*.

    The matter is now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the

petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Title 28 of the United States Code § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Williams challenges his March 17, 2006, conviction by the Circuit Court for Milwaukee County, Wisconsin, for first degree sexual assault, burglary, kidnapping, intimating a victim with the use of force, and bail jumping, each of which were committed with the use of a dangerous weapon. He is serving an aggregate sentence of 65 years, comprised of 35 years of initial confinement and 30 years of extended supervision.

Williams lists three grounds for relief. As his first two grounds, Williams contends that the procedures of *Anders v. California*, 386 U.S. 738 (1967), were not followed because appellate counsel and the court of appeals did not raise the issues of (1) whether the trial judge committed reversible error by allowing a prejudicial statement to be heard by the jury over an objection; and (2) whether trial counsel was ineffective for failing to object to the admission of a surveillance videotape that Williams asserts was critical in implicating him in the alleged crimes. Liberally construed, grounds one and two raise a single claim of ineffective assistance of appellate counsel based on his failure to raise the issues of the judge's admission of a prejudicial statement at trial and trial counsel's failure to object to the

2

admission of the surveillance videotape. Williams also maintains that there was insufficient evidence to sustain his conviction. Based on the foregoing, William's petition sets forth two grounds that challenge the legality of his custody as being in violation of the Constitution of the United States.

Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to review each claim where such review is "a normal, simple, and established part of the State's appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that in Wisconsin, state prisoners who wish to have their constitutional claims heard in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003). Relying on the Wisconsin Court of Appeals' December 4, 2008, opinion and order in *Wisconsin v. Williams*, No. 2007AP2115-CRNM, and its April 19, 2010, opinion and order in *Williams v. Thurmer*, No. 2010AP455-CRNM, as well as the Wisconsin Supreme Court's August 18, 2010, order denying the petition for review in *Williams v. Thurmer*, No. 2010AP455-W, attached to Williams's petition, the Court concludes that exhaustion of the 2008 appeal would be futile and that Williams has exhausted his state remedies as to the 2010 appeal.

3

Summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate since it does not plainly appear from "the face of the petition" that Williams is not entitled to the relief sought by his petition for a writ of habeas corpus. Consequently, Respondent Michael Thurmer ("Thurmer") will be called upon to serve and file an answer to Williams's petition for a writ of habeas corpus. The answer must contain the information called for by Rule 5, Rules Governing Section 2254 Cases in the United States District Courts.

Williams requests appointment of counsel stating that his application for a writ of habeas corpus was completed by another prisoner and Williams has no idea how to brief his claims. He also maintains that he is innocent and if he does not obtain counsel, he will die in prison.

There is no right to counsel in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987); *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). If a petitioner qualifies under 18 U.S.C. § 3006A(b), counsel shall be appointed, if necessary, for effective utilization of discovery procedures, if an evidentiary hearing is required, or if the interests of justice so require. See Rules 6(a) & 8(c), Rules Governing Section 2254 Cases in the United States District Courts.

"Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (quoting 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require,

4

representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.")). In *Winsett*, the court of appeals applied the then current multi-step standard for evaluating a motion for appointment of counsel under the federal in forma pauperis statute, 28 U.S.C. § 1915(d).

*Pruitt*, 503 F.3d at 655, revisited that standard and clarified the second step.[1] However, the court did not change the threshold inquiry; that is, a district court "must" ask before ruling on a motion for appointment of counsel has the indigent plaintiff made a reasonable attempt to obtain counsel or has he been effectively precluded from so doing? Williams's motion for appointment of counsel does not contain any indication that he made any attempt to obtain counsel or that he is effectively precluded from doing so. Since Williams has not satisfied the threshold requirement for appointment of counsel, the motion is denied.

---

[1]The court explained:

> The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Johnson* [*v. Doughty*], 433 F.3d [1001] at 1006 [7th Cir. 2006] (citing *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (quoting *Farmer v. Haas*, 990 F.2d [319] at 323 [7th Cir. 1993]). Rather, the question is whether the difficulty of the case-factually and legally- exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.

*Pruitt*, 503 F.3d at 654-55 (footnote omitted).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Thurmer **MUST** file an answer to the petition on or before **December 6, 2010.**

Such answer **MUST** comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

Williams's motion for appointment of counsel (Docket No. 6) is **DENIED.**

Dated at Milwaukee, Wisconsin this 22nd day of October, 2010.

                                          **BY THE COURT**

                                   *s/ Rudolph T. Randa*
                                   **HON. RUDOLPH T. RANDA**
                                   **U.S. District Judge**